UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11421-GAO

MICHAEL P. MAGUIRE and CHRISTINE WARNER,
Plaintiffs,

v.

FOUR SEASONS HOTELS LIMITED d/b/a FOUR SEASONS HOTELS and RESPORTS d/b/a FOUR SEASONS HOTELS BOSTON, PLAYA PRIETA BEACH CLUB as it is owned by ALTURUS DE PRIETA, S.A.,
Defendants.

ORDER
September 28, 2012

O'TOOLE, D.J.

The plaintiffs bring this action for negligence and loss of consortium arising out of an accident that occurred at a beach club in Costa Rica. Four Seasons Hotels Limited ("FSHL") has moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

At the relevant time, the plaintiff and his wife were guests at a Four Seasons Hotel in Costa Rica. Guests of the hotel were permitted to use the facilities of the nearby Playa Prieta Beach Club (Am. Compl. ¶ 6. (dkt. no. 3).) According to the Amended Complaint, the Beach Club is owned by Alturas de Prieta, S.A., apparently a Costa Rican company. (Am. Compl. ¶3). The plaintiff slipped and fell at the Beach Club on October 9, 2009.

FSHL has moved to dismiss on the grounds that the Amended Complaint fails to allege facts sufficient to support a theory of liability against it and thus fails to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, the defendant contends that

the Amended Complaint lacks factual allegations to support a conclusion that it was responsible for the proper maintenance of the physical property of the separately owned Beach Club.

The plaintiffs argue that FSHL is liable under an "alter-ego" theory of liability. In order to establish that FSHL is liable, the plaintiffs must prove that there is "active and direct participation by the representatives of one corporation, apparently exercising some form of pervasive control" or there is a "confused intermingling of activity of two or more corporations engage in a common enterprise with substantial disregard of the separate nature of the corporate entities." Brookridge Funding Corp. v. Aquamarine, Inc., 675 F. Supp. 2d 227, 233 (D. Mass. 2009). The plaintiffs' only argument to support such a theory of liability, made in its brief but not alleged in the Amended Complaint, is that FSHL indirectly owns a minority interest in the company that owns the Four Seasons Hotel in Costa Rica. There are no factual allegations pertaining to the defendant's alleged responsibility for the proper maintenance of the Beach Club property. The allegation that the hotel provides transportation service between it and other nearby facilities as an accommodation to its guests is not enough. Under some circumstances there could be a duty to warn of known risks, but there are no facts alleged in the Amended Complaint in that regard.

The Motion (dkt. no. 10) to Dismiss is GRANTED, and the Amended Complaint (dkt. no. 3) is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge